

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IVAN RAY BEGAY, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:17-CV-2639-N |
| | ) | |
| MR. LEAP, ET AL., | ) | |
| Defendants. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this

case has been referred to the United States Magistrate Judge. The findings, conclusions and

recommendation of the Magistrate Judge follow:

### I.

Plaintiff is currently confined in federal custody and has filed this complaint under 42

U.S.C. § 1983. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma*

*pauperis*. Defendants are Warden Mejia of the Seagoville Federal Correctional Institution

("Seagoville"), Seagoville employees Mr. Leap, Mr. Arojo, John Doe Unit Manager, John Doe

staff member, and John Doe Bureau of Prisons Chief Designation Officer. Plaintiff sues each

Defendant in their individual capacity. The Court has not issued process pending judicial

screening.

Plaintiff claims Defendants retaliated against him for exercising his right to free speech

by transferring him to a prison that was farther away from his family. He seeks money damages.

### II.

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That

section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

### III.

Plaintiff states he was retaliated against for exercising his free speech rights. He states he was interviewed about an investigation regarding Seagoville employee Ms. Dunn. He states no one told him not discuss the interview with others. He claims that after the interview, he asked Ms. Dunn about the investigation and told her he had been interviewed. As a result of informing Ms. Dunn about the investigation, Plaintiff states Defendants retaliated against him by

transferring him to a different prison facility. He alleges that Defendants Mr. Leap and Mr.

Arojo asked him what he told Ms. Dunn, and that Mr. Leap told him that because he had

informed Ms. Dunn about the investigation, he had "f**ked his stay at Seagoville." (ECF No. 3

at 7.) He also claims Mr. Leap later stopped at his cell and stated, "Remember that transfer to

F.C.I. Englewood Colo? You just f**ked that off." (*Id.* at 8.) Plaintiff asked Mr. Leap, "is this

your doing?" and Mr. Leap stated it was. (*Id.*)

Plaintiff states that prior to the retaliation, he was on a waiting list to be transferred to

F.C.I. Englewood in Colorado, which was closer to his family in Arizona. Instead, as a result of

the retaliation, he was transferred to New Jersey which was too far for his family to travel. He

also claims the prison facility in New Jersey was inappropriate for housing sex offenders like

him.

To state a claim for retaliation, a prisoner must establish: (1) that he invoked a specific

constitutional right; (2) that the defendant intended to retaliate against him for his exercise of that

right; (3) a particular retaliatory adverse act; and (4) that, but for the defendant's retaliatory

motive, the complained-of adverse act would not have occurred. *Johnson v. Rodriguez*, 110 F.3d

299, 310 (5th Cir. 1997) (citing *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). The

prisoner must carry the "significant burden" of showing the defendant's retaliatory motive, which

requires more than mere conclusory allegations, and the court must "carefully scrutinize" the

claim "with skepticism[.]" *Woods*, 60 F.3d at 1166 (quoting *Adams v. Rice*, 40 F.3d 72, 74 (4th

Cir. 1994)). The prisoner must present direct evidence of motive or, barring that, allege a

chronology of events from which retaliation may be plausibly inferred. *Id.* "The relevant

showing in such cases must be more than the prisoner's 'personal belief that he is the victim of

retaliation.'" *Johnson*, 110 F.3d at 310 (quoting *Woods v. Edwards*, 517 F.3d 577. 580 (5th Cir. 1995)).

Here, Plaintiff claims he had the constitutional right to speak to others about his interview regarding Ms. Dunn. He claims Mr. Leap informed him that as a result of his statements regarding the investigation, his requested transfer to Colorado would be cancelled, and he was instead transferred to New Jersey. He states this was an adverse transfer because is family could not travel from Arizona to New Jersey to visit him. He claims he had been on the waiting list for a transfer to Colorado, but that due to the retaliation, he was sent to New Jersey. Taking Plaintiff's allegations as true, the Court is unable to determine at this point that Plaintiff's allegations against Mr. Leap are frivolous. The Court finds that Plaintiff's claims against Mr. Leap should proceed and process should be issued as to this Defendant.

Plaintiff's claims against the other Defendants, however, are conclusory and should be dismissed. Plaintiff has alleged no facts showing that Warden Mejia, John Doe staff member, John Doe Unit Manager, or BOP Chief Designation Officer intended to retaliate against him for speaking about the investigation of Ms. Dunn, nor has he alleged facts showing that these Defendants were aware of the Dunn investigation or Petitioner's speech. Further, although he states Mr. Arojo and Mr. Leap asked him about the statements he made to Ms. Dunn, he has alleged no facts showing that Mr. Arojo took action to transfer him in retaliation. Allegations based merely on a prisoner's personal belief that he is the victim of retaliation are not enough to state a claim. *Johnson*, 110 F.3d at 310. These Defendants should therefore be dismissed.

IV.

The Court recommends that (1) Plaintiff's claims against Mr. Leap should proceed and

process should be issued as to this Defendant; and (2) Plaintiff's remaining claims should be dismissed.

Signed this ___ day of ___, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).