IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IVAN RAY BEGAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:17-cv-2639-N-BT |
| | § | |
| MR. LEAP, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this *pro se* prisoner case is Plaintiff Ivan Ray Begay's "Omnibus Motion: Motion to Amend, Set Aside Recommendation or Order, to pursue a Relation Back-Doctrine, under Rule 15(c) of Fed. R. Civ. P., Amendment rather than dismissal, where defect of Failure to state a Claim is curable, in Bivens." (ECF No. 31). For the reasons stated, Plaintiff's Motion should be construed as a Rule 59(e) motion to alter or amend a judgment and DENIED.

On March 22, 2019, the Court adopted the undersigned's recommendation that Defendant Mr. Leap's Motion to Dismiss be granted, and entered final judgment dismissing Plaintiff's claims against Mr. Leap with prejudice. FCR (ECF No. 28); Order (ECF No. 29); Final Judgment (ECF No. 30). Plaintiff filed his Motion, which seeks to amend his Complaint, on April 5, 2019. However, "[w]hen a district court dismisses an action and enters a final judgment, . . . a plaintiff may request leave to amend only by either appealing the judgment, or seeking to alter

1

or reopen the judgment under Rule 59 or 60." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citations omitted). Because the Court dismissed the case with prejudice and entered final judgment, "[u]nder the rule in this Circuit, plaintiff['s] post-dismissal motion must be treated as a motion under Rule 59(e) [or Rule 60(b)], not Rule 15(a)." *Id.* (citing *Whitaker v. City of Houston*, 963 F.2d 831, 835 (5th Cir. 1992)). A Rule 59(e) "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Because Plaintiff filed his Motion within 28 days of the final judgment, it should be construed as a motion under Rule 59(e) and not Rule 60(b). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) ("A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b). . . . If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." (internal citations omitted)).

A Rule 59(e) motion "is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Id.* (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). But "[a] motion under Rule 59 cannot be used to raise arguments or claims 'that could, and should, have been made before the judgment issued.'" *Id.* (quoting

2

*Marseilles Homeowners Condo. Ass'n v. Fidelity Nat. Ins. Co.,* 542 F.3d 1053, 1058 (5th Cir. 2008) (per curiam)). Further, "[i]t is within the district court's discretion whether to reopen a case under [Rule] 59(e)." *Weber v. Roadway Exp., Inc.*, 199 F.3d 270, 276 (5th Cir. 2000) (citing *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v. Emp'rs Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)).

Here, Plaintiff seeks to amend his Complaint to "make[ ] more specific those facts already alleged," and asserts a new theory of liability under 28 C.F.R. § 551.90—"a 5th Amend. Due process cl [sic], for Political Belief Discrimination arising out of Mr. Leap's Retaliatory Transfer"—based upon the facts previously alleged. Mot. 1. Plaintiff does not offer proof, or even argue, that he could not have raised his "political belief discrimination" claim, arising out of the same facts he has already alleged, before final judgment issued. Additionally, Plaintiff's Motion raises no intervening change in the controlling law; no newly discovered evidence that was previously unavailable; and no manifest error of law or fact requiring correction. Thus, Plaintiff is not entitled to relief under Rule 59(e). *See Marseilles Homeowners,* 542 F.3d at 1058 (affirming district court's judgment where "[i]t is clear from the evidence supporting the motion that this argument 'could, and should, have been made before the judgment issued'" (internal citation omitted)).

3

Even if the Court were to consider Plaintiff's "political belief discrimination" claim as properly before the Court and fully exhausted, permitting him to amend his Complaint would be futile since Plaintiff fails to state a plausible claim under 28 C.F.R. § 551.90. This regulation prohibits discrimination against prisoners "on the basis of race, religion, national origin, sex, disability, or political belief." Here, Plaintiff conclusorily states, "Mr. Leap did discriminate against my Political Belief," and does not allege any facts regarding his political beliefs, that Defendant knew of those beliefs, or that Defendant acted in response to those beliefs. Mot. 1. Thus, Plaintiff fails to state a claim under 28 C.F.R. § 551.90 and is not entitled to relief under Rule 59(e) because permitting him to amend his Complaint would be futile. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."); *see Willis v. Constr. Co.*, 73 F. App'x 61, 62 (5th Cir. 2003) (per curiam) (affirming district court's denial of Plaintiff's Rule 59(e) motion that failed to state a claim under 42 U.S. § 1983 because it contained only "conclusional and speculative" allegations).

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that Plaintiff Ivan Ray Begay's "Omnibus Motion: Motion to Amend, Set Aside Recommendation or Order, to pursue a Relation Back-Doctrine, under Rule 15(c) of Fed. R. Civ. P., Amendment rather than dismissal, where defect of Failure to state a Claim is

4

curable, in Bivens," (ECF No. 31), be construed as a Rule 59(e) motion to alter or amend a judgment and DENIED.

**SO RECOMMENDED.**

May 28, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).